UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINDA OCAVA DE BUGARIN,<br><br>         Plaintiff,<br><br>   v.<br><br>LQ MANAGEMENT, LLC, et al.,<br><br>         Defendants. | Case No.: 1:15-cv-01599 - --- - JLT<br><br>ORDER DIRECTING THE CLERK TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO OBEY THE COURT'S ORDERS |

Plaintiff Rosalinda Ocava De Bugarin asserts Defendants are liable for age discrimination, disability discrimination, retaliation, and wrongful termination. (Doc. 2-1) After being served with the summons and complaint, Defendants filed a notice of removal on October 19, 2015. (Doc. 2) Because Plaintiff has failed to comply with the Court's order, or to take any action to prosecute the matter, the Court recommends the action be **DISMISSED**.

I.    **Procedural History**

Plaintiff initiated this action by filing a complaint on May 1, 2015. (Doc. 2 at 2) Defendants were served with the summons and complaint on September 17, 2015, and filed a notice of removal on October 19, 2015, thereby initiating the matter before this Court. (*Id.*)

On October 20, 2015, the Clerk of Court issued a "Notice of Noncompliance" to Plaintiff's counsel Craig Chisvin, because he was not admitted to practice in the Eastern District of California, and directed him to become a member of the Court. (Doc. 5) The same date, the Court issued an order

1

directing the parties to consider whether they would consent to or decline Magistrate Judge jurisdiction, and to file a consent/decline form within thirty days of the date of service. (Doc. 4-1) Although Mr. Chisvin was served electronically with the Notice of Noncompliance and the Order regarding consent, Defendants also served the Notices upon Mr. Chisvin by mailing the document on October 20, 2015. (Doc. 6)

On December 28, 2015, the Court observed that Mr. Chisvin failed to comply with the Notice and remained ineligible to practice in this Court. (Doc. 9) Accordingly, the Court ordered Plaintiff to "show cause in writing why the matter should not be dismissed due to her attorney's lack of membership in this Court." (*Id.* at 1) In the alternative, Plaintiff could "file a substitution of attorneys noting either retention of new counsel or that she intends to proceed pro se or Mr. Chisvin will become a member of the Court." (*Id.*) To date, Plaintiff has failed to respond to the Court's order, and Craig Chisvin has not been admitted to practice in this Court.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to obey a court order, failure to prosecute, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Plaintiff has failed to take any action to prosecute this action since the Notice of Removal was filed on October 19, 2015.

In the Screening Order, the Court warned Plaintiff that if she failed to comply with the order, the action could be dismissed for her attorney's ineligibility to practice in this Court. (Doc. 9 at 1) Thus, Plaintiff had adequate warning that dismissal would result from failure to comply with the Court's order, and her failure to prosecute the action. The issuance of the order to show cause satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### IV.  Order

Good cause appearing, the Clerk of Court is DIRECTED to assign a United States District Judge to this action.

### V.  Findings and Recommendations

Plaintiff has failed to prosecute this action and failed to comply with the Court's orders dated October 20, 2015 (Docs. 4, 5) and December 28, 2015 (Doc. 9).

Accordingly, **IT IS HEREBY RECOMMENDED**: This action be **DISMISSED WITHOUT PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 14, 2016**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE